**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT MARSHALL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:13CV00677 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion under Rule 60(b). Upon review of the motion, the Court finds that it is a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and that it should be dismissed without further proceedings. See 28 U.S.C. § 2255 Rule 4.

**Background**

The Court takes judicial notice of its own records. On February 8, 2007, movant pled guilty to aggravated identity theft and possession of a document making implement. United States v. Marshall, 4:07CR35 ERW; United States v. Marshall, 4:06CR730 ERW. Movant had obtained employment at Vatterott College using the Social Security number of another individual, presenting a Social Security card with his name but the other individual's Social Security number. While employed at Vatterott College, movant sold fake transcripts to individuals who did not meet the academic

standards for college admission.  As a result of these fraudulent admissions, these individuals received $653,425 in grants and loans from the United States Department of Education.  Upon his arrest, agents recovered equipment used for creating fake documents.

On November 1, 2007, movant filed his first motion to vacate under § 2255. Marshall v. United States, 4:07CV1877 ERW.  Movant brought claims for ineffective assistance of counsel and a claim for court error in accepting the PSR.  On July 14, 2008, the Court issued a Memorandum and Order denying each of movant's claims on their merits.

On February 16, 2010, movant filed a § 2241 habeas petition in the United States District Court for the Southern District of Florida, which is where movant is incarcerated.  See Marshall v. United States, 4:11CV87 ERW.  The district court construed the motion as a § 2255 motion and transferred it to this Court.  In that motion, movant attacked the validity of his conviction based on the United States Supreme Court's decision in Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009). In Flores-Figueroa, the Court held that 18 U.S.C. § 1028(a)(1) required the government to prove that the defendant knew the means of identification that he unlawfully transferred, possessed, or used belonged to another person.  Movant argued that Flores-Figueroa applies retroactively on collateral review and that under

Flores-Figueroa he was actually innocent of his 2007 charges because the government never demonstrated that he knew the stolen Social Security number belonged to another person.

This Court found the action to be a successive § 2255 motion and transferred it to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit denied movant leave to file a successive motion "because Flores-Figueroa did not announce a 'new rule of constitutional law,' and Marshall presents no newly discovered evidence." Marshall v. United States, No. 11-1355 (8th Cir. July 29, 2011) (quoting 28 U.S.C. § 2255(h)). In its ruling, the appellate court found that this Court "lack[ed] jurisdiction to consider a § 2255 motion . . ." Id.

**Discussion**

Movant filed the instant Rule 60(b) motion on April 9, 2013. Movant asserts that his sentence is unconstitutional under Flores-Figueroa, that the prosecutor breached the plea agreement, and that his counsel was ineffective. Movant claims that the Rule 60 motion should not be construed as a successive 2255 motion because his previous § 2255 motion was not decided on the merits.

Movant's ground for filing this action under Rule 60 rather than § 2255 is frivolous. "A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009).

> For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an asserted federal basis for relief from a [trial] court's judgment of conviction or as an attack on the federal court's previous resolution of the claim on the merits. "On the merits" refers to a determination that there exist or do not exist grounds entitling a petitioner to [federal postconviction relief]. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

Id. (citation and quotations omitted). The instant Rule 60(b) motion contains a claim because the factual predicate of movant's claim concerns the validity of the underlying conviction. Movant has merely re-titled his previous § 2255 motions. As a result, it is properly construed as a successive § 2255 case.

The United States Court of Appeals for the Eighth Circuit has already stated that this Court lacks jurisdiction to hear a successive § 2255 motion. As a result, the Court is required to dismiss this action without further proceedings. See 28 U.S.C. § 2255 Rule 4.

Finally, the Court does not believe that jurists of reason would find it debatable whether the action is successive. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence under § 2255 is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed with this Memorandum and Order.

So Ordered this 25th day of April, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE